IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSE MIGUEL NAVA NORIEGA, | |
| Petitioner, | **8:26CV271** |
| vs. | |
| WARDEN OF MCCOOK DETENTION CENTER, TODD BLANCHE, Acting U.S. Attorney General; MARKWAYNE MULLIN, Secretary of Homeland Security; and DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement; | **MEMORANDUM AND ORDER** |
| Respondents. | |

This matter comes before the Court on Jose Miguel Nava Noriega's Petition for Writ of Habeas Corpus.  Filing No. 1.  He argues he is being unlawfully detained.  For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I.    BACKGROUND

Petitioner is a native and citizen of Venezuela.  Filing No. 1 at 13.  On June 5, 2024, Petitioner applied for admission to the United States at the California San Ysidro Port of Entry.  Filing No. 10 at 3.  CBP processed Petitioner, paroled him into the United States until April 24, 2026, and served him with a Notice to Appear in Immigration Court. *Id.*  Petitioner applied for asylum.  Id.  DHS voluntarily dismissed the removal proceedings on June 26, 2025.  *Id.*

On June 26, 2025, Petitioner was arrested pursuant to an administrative immigration warrant for being unlawfully in the United States.  *Id.*  He was given a credible

fear interview and found to have a credible fear of removal to Venezuela. *Id.* Accordingly, he was issued a new NTA and placed back in removal proceedings. *Id.* at 3–4; Filing No. 10-1.

A merits hearing was held on October 6, 2025, on Petitioner's asylum application after which the Immigration Judge ordered Petitioner removed. Filing No. 10 at 4. Petitioner timely appealed the IJ's decision, and the appeal remains pending. *Id.*

Petitioner remains detained at the McCook Detention Center in McCook, Nebraska. Filing No. 1 at 13; Filing No. 10 at 4. Petitioner seeks his immediate release or a bond hearing. Filing No. 1 at 19–20.

## II.     ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed.*

*Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed.  The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*.  When Petitioner was paroled and released into the country without conditions, the government necessarily invoked 8 U.S.C. § 1226.  *See* 8 U.S.C. § 1226(a)(2)(B) (explaining conditional parole). Likewise, when later issuing the warrant for Petitioner's arrest, Respondents invoked § 1226, not § 1225.  *See* Filing No. 10-2 at 1 (warrant addressed to "[a]ny immigration officer authorized *pursuant to sections 236* [8 U.S.C. § 1226] and *287* [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations.").   Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2) rather than § 1226.  But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983).  "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226.  *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time.  Instead, the government

3

decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226.").

Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). Here, the government made such a determination and released Petitioner. Accordingly, absent a valid reason to redetermine Petitioner's bond (which Respondents do not assert), his eligibility for release under 1226 remains operative. This is so even though an immigration judge has denied Petitioner's application for asylum and ordered him removed; the order of removal is not yet final because Petitioner's appeal is currently pending before the BIA. *See* 8 U.S.C. § 1231 (the "removal period" requiring mandatory detention begins on the date the order of removal becomes administratively final); 8 C.F.R. § 1241.1(a) (order of removal becomes administratively final upon, inter alia, dismissal of an appeal by the Board of Immigration Appeals). Until it becomes final, Petitioner remains subject to the bond provisions of § 1226.

Should Petitioner's removal become administratively final, he will thereafter be subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Or, should Respondents choose to attempt to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a bond hearing wherein the burden is on the government to demonstrate he poses a flight risk or is a danger to the community. Importantly, because Respondents previously deemed it appropriate to release Petitioner into the country without bond or conditions, Respondents must explain what has changed about Petitioner's circumstances so as to justify his detention now.

4

Lastly, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order on his own recognizance as previously ordered and without additional conditions.

3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.

4. Should Respondents seek to re-detain Petitioner prior to his removal order becoming administratively final, they must afford him a prompt bond determination hearing as described herein.

5. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on July 13, 2026.**

6. Petitioner's Motion for Immediate Release, Filing No. 3, is granted as stated herein.

7. Petitioner's Motion for Extension of Time to File Reply, Filing No. 12, is denied as moot.

Dated this 8th day of July, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge